UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x   NOT FOR PUBLICATION
MARIA SIEROTOWICZ;
STANISLAW SIEROTOWICZ,

                Plaintiffs,   **MEMORANDUM AND ORDER**

  -against-   05-CV-2186 (NGG)

189 ROSS ASSOCIATES CORP.;
KESTENBAUM, WOLF, BERNSTEIN,

                Defendants.
----------------------------------------------------------------x
GARAUFIS, United States District Judge.

*Pro se* plaintiffs Maria and Stanislaw Sierotowicz filed the above-captioned case seeking damages against defendants for violations of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, and the Civil Rights Act of 1968, 42 U.S.C. §§ 1981, 1982, and 1983. The Court grants plaintiffs' request to proceed *in forma pauperis*. As set forth below, the Court directs plaintiffs to replead within 30 days from the date of this order.

**I.  Litigation History and Background**

Plaintiffs are no strangers to this court. By order dated June 15, 2005, the court dismissed the state defendants in three of plaintiffs' prior civil actions and their appeal is currently pending before the United States Court of Appeals for the Second Circuit. See Sierotowicz v. State of New York Division of Housing and Community Renewal, et al., No. 04-CV-3886 (NGG); Sierotowicz v. State of New York Division of Housing and Community Renewal, et al., No. 04-CV-3887 (NGG); Sierotowicz v. State of New York Division of Housing and Community Renewal, et al., No. 04-CV-3888 (NGG). Plaintiffs also have an action pending against the New York City Housing Authority. Sierotowicz v.

New York City Housing Auth., et al., No. 04-CV-3148 (NGG).[1]

Here, plaintiffs allege that defendants have violated their federal rights by denying their request for a separate apartment for Maria Sierotowicz's father Stanislaw Sierotowicz with a "split lease." (Complaint ("Compl.") at 12.) Plaintiff Maria Sierotowicz currently resides in her apartment with Section 8 funding. (Compl. ¶¶ 2, 4-5, 7.) Plaintiffs allege that defendants failure to amend the Section 8 lease amounts to the denial of their rights to housing. (Compl. at 12.) In March 2003, they filed a discrimination complaint with the United States Department of Housing and Urban Development and they received a right to sue notice in September 2003. (Compl. at 6; Ex. A.) Plaintiffs further allege that the Court should review defendants' history of unlawful housing practices that date back to 1987 and continue to the present day.[2] (Compl. at 11; Ex. F.) Plaintiffs also allege that defendants have committed "business or corporate crimes" and are liable under the Clean Air Act. (Compl. at 19.)

## II.  Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss "at any time" a complaint filed *in forma pauperis* "if the court determines that . . . the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous if it lacks an arguable basis either in law or in fact. Livingston v. Adirondack Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998) (finding that dismissal is

---

[1] Plaintiff Maria Sierotowicz has filed the following cases in this district. Sierotowicz v. New York City Dep't of Social Svcs., et al., No. 99-CV-3118 (JBW) (dismissed); Sierotowicz v. New York State Dep't of Social Svcs., et al., No. 99-CV-2311(JBW) (dismissed); Sierotowicz v. Curis and Assocs., No. 99-CV-3119 (JBW) (dismissed); Sierotowicz v. United States Dep't of Justice, INS, No. 98-CV-6694 (JBW) (dismissed); Sierotowicz v. Woodhull Hospital, No. 91-CV-1766 (JBW) (dismissed).

[2] Plaintiffs' claim that defendants have engaged in unlawful housing practices does not provide a basis for federal court jurisdiction and are best addressed by the Civil Court of the City of New York, Housing Part, where plaintiffs have previously brought such claims. (See Compl. at 15; Ex. D-E.)

warranted if the action is "based on an indisputably meritless legal theory").

As plaintiffs are proceeding *pro se*, the court is obliged to construe their pleadings liberally, particularly if they allege civil rights violations. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this court must grant leave to amend it. Cuoco v. Moritsugu, 222 F.3d 99,112 (2d Cir. 2000) (quotation omitted).

**III. Discussion**

The court notes that plaintiffs fail to provide any facts to support claims under the Civil Rights Act of 1968, 42 U.S.C. §§ 1981, 1982 and 1983, and their citation to these statutes along with references to diversity jurisdiction, federal criminal statutes and the Clean Air Act, are misplaced. For example, "[s]ection 1981 . . . only prohibits intentional racial discrimination." Brown v. City of Oneonta, 221 F.3d 329, 339 (2d Cir. 2000). Here, there is no suggestion of race-based discrimination. Furthermore, plaintiffs cannot proceed under the federal criminal statutes. Criminal prosecutions are within the exclusive province of the public prosecutor who has complete discretion over the decision to initiate, continue or cease prosecution. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (finding that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another"). The principal basis for this lawsuit arises under the Fair Housing Act (FHA). The FHA prohibits discrimination in housing on the basis of race, color, religion, sex, familial status, or national origin. 42 U.S.C. § 3604(a). Any claim for discrimination under the FHA must be filed in the appropriate district court within two years "after the occurrence or the termination of an alleged discriminatory housing practice . . . whichever occurs last." 42 U.S.C. § 3613(a)(1)(A). Likewise, property owners and their agents may not "unlawfully discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling." Id. § 3604(b). See Mitchell v. Shane, 350 F.3d 39, 47 (2d

3

Cir. 2003). "The computation of such 2-year period shall not include any time during which an administrative proceeding . . . was pending with respect to a complaint or charge." 42 U.S.C. 3613(a)(1)(B).

Despite plaintiffs' conclusory allegations of discrimination based on "age and citizenship status," (see Compl. at 15), the gist of their claim is that they are entitled to two separate one-bedroom apartments or one two-bedroom apartment with Section 8 funding. Defendants' alleged failure to provide such apartments to plaintiffs does not appear to violate the FHA as currently stated. Plaintiffs also do not provide the dates for the purported act(s) of discrimination. Plaintiffs' allegations date back to 1987. However, claims that are more than two years old would be time-barred under the FHA. Furthermore, the court notes that plaintiffs are pursuing similar claims in their pending action under Sierotowicz v. New York City Housing Auth., et al., No. 04-CV-3148 (NGG). (Compl. at 18.) In light of plaintiffs' *pro se* status, the court grants plaintiffs leave to replead their FHA claim against defendants.

**III.   Conclusion**

Plaintiffs' claims under the Civil Rights Act of 1968, 42 U.S.C. §§ 1981, 1982, and 1983 are hereby dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). Plaintiffs are directed to replead their Fair Housing Act claims within 30 days from the date of this Order. If plaintiffs fail to replead within the time allowed, the complaint shall be dismissed in its entirety and judgment shall enter in favor of the defendants. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would

not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

                                                        /s/
                                      Nicholas G. Garaufis
                                      United States District Judge

Dated: November 4, 2005
       Brooklyn, New York