UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MARIA SIEROTOWICZ and
STANISLAW SIEROTOWICZ,                    **MEMORANDUM & ORDER**
                                          **05-CV-2186 (NGG)**
                    *Plaintiffs*,

          *-against-*                     **NOT FOR PUBLICATION**

189 ROSS ASSOCIATES CORP.;
KESTENBAUM, WOLF, BERNSTEIN,

                    *Defendants*.
-------------------------------------------------------------x
GARAUFIS, United States District Judge.

     By order dated November 4, 2005 ("November Order"), the Court directed *pro se* Plaintiffs

Maria Sierotowicz and her father, Stanislaw Sierotowicz, to replead their Fair Housing Act claims

("FHA"), 42 U.S.C.§§ 3601 *et seq.*, and dismissed their remaining claims.  On December 19, 2005,

Plaintiffs filed an amended complaint.  On April 4, 2006, Plaintiffs moved for a preliminary injunction

and/or temporary restraining order.  For the reasons stated below, the amended complaint is dismissed.

I.      **Litigation History**

     Plaintiffs are no strangers to this Court as they have filed the following cases, all of which raised

FHA claims.  See Sierotowicz v. State of New York Division of Housing and Community Renewal, et

al., No. 04-CV-3886 (NGG); Sierotowicz v. State of New York Division of Housing and Community

Renewal, et al., No. 04-CV-3887 (NGG); Sierotowicz v. State of New York Division of Housing and

Community Renewal, et al., No. 04-CV-3888 (NGG);  Sierotowicz v. New York City Housing Auth.,

et al., No. 04-CV-3148 (NGG). [1]

---

[1]  Plaintiff Maria Sierotowicz has filed the following cases in this district.  See Sierotowicz v.
New York City Dep't of Social Svcs., et al., No. 99-CV-3118 (JBW) (dismissed); Sierotowicz v.
New York State Dep't of Social Svcs., et al., No. 99-CV-2311(JBW) (dismissed); Sierotowicz v.
United States Dep't of Justice, INS, No. 98-CV-6694 (JBW) (dismissed); Sierotowicz v. Woodhull
Hospital, No. 91-CV-1766 (JBW) (dismissed).

## II.    Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss "at any time" a complaint filed *in forma pauperis* "if the court determines that ... the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  An action is frivolous if it "lacks an arguable basis either in law or in fact"; i.e., where it is "based on an indisputably meritless legal theory." Livingston v. Adirondack Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998).  As Plaintiffs are proceeding *pro se*, this Court has construed their pleadings liberally, McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) and has granted Plaintiffs leave to amend the complaint.  Cuoco v. Moritsugu, 222 F.3d 99,112 (2d Cir. 2000).

## III.    Factual Background

In the original complaint, Plaintiffs argued that Defendants' refusal to provide a separate apartment for Maria Sierotowicz's father, Stanislaw Sierotowicz, violated their rights under the FHA. Complaint ("Compl".) at 12.  Plaintiffs also sought review of alleged unlawful housing practices dating back to 1987.  Compl. at 11.  Finally, Plaintiffs alleged that Defendants committed business and corporate crimes and were also liable under the Clean Air Act and several sections of the Civil Rights Act.  In the November Order, the Court dismissed all of Plaintiffs' claims with the exception of the FHA, directing Plaintiffs to replead this claim.

In the amended complaint, Plaintiffs allege that Defendants' have "refused to rent Stanislaw S. an apartment since 2000 year to the present and ... refused to rent an apartment to plaintiff Maria S. since 1987 to 1990 ... or to make other accommodations such as, to rent plaintiff's Family a two bedroom apartment according to household size, 2 and 3 persons."  Amended Compl. at 16.  Plaintiff Maria Sierotowicz currently resides in her apartment at 189 Ross Street with Section 8 funding. Amended Compl. at 26.  Plaintiffs also names Krause Management as a new defendant, see Amended Compl. at

34, and raise new allegations under the False Claims Act. Amended Compl. at 31.

## IV.    Discussion

### A.    *Fair Housing Act*

The Fair Housing Act (FHA) prohibits discrimination in housing on the basis of race, color, religion, sex, familial status, or national origin. 42 U.S.C. § 3604(a). Property owners and their agents may not "unlawfully discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling." Id. § 3604(b). Mitchell v. Shane, 350 F.3d 39, 47 (2d Cir. 2003). Despite Plaintiffs' conclusory allegations of discrimination based on "age and citizenship status," see Complaint at 15, the Court provided them with an opportunity to replead their FHA claims.

At the outset, the Court finds Plaintiffs' allegation that Defendants "refused to rent an apartment to plaintiff Maria S. since 1987 to 1990," Amended Compl. at 16, is not supported by the record. Plaintiff Maria Sierotowicz rents an apartment from Defendant at 189 Ross Street with Section 8 subsidy. Moreover, Plaintiffs' amended complaint does not provide facts to support a claim under the FHA. The gist of their claim remains the same, i.e., Plaintiffs believe they are entitled to either two separate one-bedroom apartments or to one two-bedroom apartment with Section 8 funding. Defendants' alleged failure to provide such apartments to Plaintiffs does not violate the FHA. In a similar action filed by Plaintiffs, this Court held that Plaintiffs' claims of FHA discrimination were not supported by the record, including "the myriad of documents submitted [by Plaintiffs] in support of their accusations." Sierotowicz v. New York City Housing Auth., et al., No. 04-CV-3148 (NGG), slip op. at 9 (E.D.N.Y. Mar. 27, 2006). The Court noted that a hearing was held and that it was determined that Maria Sierotowicz's Section 8 subsidy would continue despite her father's residence in the apartment. Id. Similarly, there is nothing in the instant amended complaint nor in the numerous exhibits attached thereto that demonstrates that Defendants have discriminated against Plaintiffs in violation of the FHA.

## B.    False Claims Act

A False Claims Act ("FCA") or *qui tam* action allows private individuals, or relators, to bring suit to recover funds due the United States.  31 U.S.C. § 3729(a)(1).  In return for bringing the claim, if there is a recovery the relator receives a share of the funds.  See United States ex rel. Doe v. John Doe Corp., 960 F.2d 318, 319 (2d Cir. 1992).  At the outset, Plaintiffs have not followed the procedural requirements set forth in section 3730, including the requirement that the action be brought in the name of the United States, be filed under seal and be served upon the United States.[2]  More importantly, Plaintiffs have failed to allege facts that would support a cause of action under the FCA.  Here, Plaintiffs allege that Defendants are collecting rent from the government for tenants not residing in the apartment and for fraudulent  "split leases."  Amended Compl. at 31.  In Sierotowicz v. New York City Housing Auth., et al., No. 04-CV-3148 (NGG), slip op. at 10-11, the Court dismissed Plaintiffs' fraud and FCA claims concerning "split lease" arrangements as there was no factual support for Plaintiffs' argument that Defendants were receiving double payment for Maria Sierotowicz's apartment.  Under the heightened pleading requirements of Fed. R. Civ. P. 9(b), which applies to FCA claims, see Gold v. Morrison-Knudsen Co., 68 F.3d 1475, 1476 (2d Cir. 1995), Plaintiffs must allege with particularity the specific statements or conduct giving rise to the FCA claim.  Even construing the amended complaint liberally, Plaintiffs have failed to meet this requirement.  There is no factual support for the allegation that Defendants presented to the United States Government a false or fraudulent claim for payment with knowledge of its falsity or fraudulence.  See United States ex rel. Taylor v. Gabelli, 345 F.Supp.2d 313, 329 (S.D.N.Y. 2004) (explaining requirements under FCA).  Plaintiffs' attempt to bring a *qui tam* action pursuant to the FCA is dismissed for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B).

---

[2]  Although the relator is entitled to a share of the recovery, the United States remains at all times the real party in interest whether it chooses to intervene or not. Rockefeller v. Westinghouse Elec. Co., 274 F.Supp.2d 10, 16 (D.D.C. 2003).

Moreover, it is an open question as to whether Plaintiffs would be allowed to represent the United States in such an action. In <u>U.S. ex rel. Mergent Services v. Flaherty</u>, No. 05 Civ. 4921 (HB), 2006 WL 880044, at *3 (S.D.N.Y. Apr. 6, 2006), the Court dismissed without prejudice a *qui tam* action brought by a *pro se* plaintiff because it determined that a non-attorney was not qualified to represent the interests of the United States.

## V.    Conclusion

For the reasons stated above, Plaintiffs' Amended Complaint, filed *in forma pauperis*, is hereby dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiffs' motion for a preliminary injunction and/or temporary restraining order is denied.

As Plaintiffs have already amended their complaint once and have submitted numerous exhibits in conjunction with their initial and amended complaints, the Court will not grant Plaintiffs leave to further amend the complaint. <u>Cuoco</u>, 222 F.3d at 112. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.


SO ORDERED.

Dated: April          , 2006
          Brooklyn, New York

                                                          _____
                                                          NICHOLAS G. GARAUFIS
                                                          United States District Judge